UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC ALEJANDRO MAYSONET,

v.                                          Case No. 8:05-cr-520-T-17MAP
                                                     8:08-cv-716-T-17MAP
UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-1; cr-42).  A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

Procedural History

On December 21, 2005, Maysonet pled guilty without a written plea agreement to Count One of an information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Docs. cr-8 (Information), and Doc. cr-29 (Transcript). Maysonet's guilty plea was later accepted by this Court, and he was adjudicated guilty. Doc. cr-18.

On December 10, 2005, and prior to Maysonet's guilty plea hearing, the government filed a notice informing the Court as well as Maysonet of the maximum penalty, elements of offense, personalization of elements and factual basis. Doc. cr-10.  On March 1, 2006, this Court sentenced Maysonet to a 188-month term of imprisonment, to be followed by a 60-month term of supervised release. Docs. cr-27 (Judgment), and cr-35 (Transcript). 4. Maysonet directly appealed the final judgment to the United States Court of Appeals for the

Eleventh Circuit, Appeal No. 06-11680-DD.[1]

In his appeal, he raised the following issues: a. the District Court erred in finding that his prior conviction for carrying a concealed firearm constituted a violent felony under 18 U.S.C. § 924(e)(1); and b. his rights under the Fifth and Sixth Amendments were violated by that determination.

On September 27, 2006, the United States Court of Appeals for the Eleventh Circuit affirmed the disposition of this case. *See United States v. Maysonet*, 199 Fed. Appx. 791 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2097 (April 23, 2007). Doc. cr-39.

On April 14, 2008, Maysonet timely filed his Section 2255 motion claiming the following grounds for relief:

a. Maysonet received ineffective assistance of counsel when counsel allowed Maysonet to be sentenced as an armed career criminal (Doc. cv-1 at 4; Maysonet's Ground 1);

b. The District Court erred in separating convictions for enhancement purposes when they should have only counted as a single conviction when sentencing occurred on the same day (Doc. cv-1 at 4; Maysonet's Ground 2);

c. Counsel again rendered ineffective assistance when she failed to challenge his sentence for a *Booker* error, claiming his sentence exceeded the ten-year maximum for violation of 18 U.S.C. § 922(g)(1) (Doc. cv-1 at 4; Maysonet's Ground 3); and

d. Counsel was ineffective when she failed to challenge the Court's jurisdiction when

---

[1] Copies of Maysonet's and the government's appellate briefs are attached To Doc. cv-6 as Attachments 1 and 2, respectively. Maysonet's reply brief is also attached as Attachment 3.

actual jurisdiction was under the state of Florida (Doc. cv-1 at 5; Maysonet's Ground 4).

## PROCEDURAL DEFAULT

Maysonet claims the District Court erred in separating convictions for enhancement purposes when the convictions should have only been counted as a single conviction because sentencing occurred on the same day (Ground b). Doc. cv-1 at 4. Because Maysonet was sentenced for his prior convictions on the same date, Maysonet believes these convictions should count as one offense rather than multiple convictions pursuant to Amendment 709 of the United States Sentencing Guidelines (USSG). As such, Maysonet asserts the court erred in enhancing his sentencing as an armed career criminal.

Maysonet failed to raise this claim in the District Court prior to judgment in his criminal case and on direct appeal in his criminal case. Thus, Maysonet is not entitled to relief because he has procedurally defaulted his claim. Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 2362 (2002).

In order to show sufficient cause for the procedural default, a petitioner must present a showing of some external impediment preventing counsel from constructing or raising the claim. *Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir.), *cert. denied*, 115 S. Ct. 1841 (1995) (citing *McCleskey v. Zant*, 499 U.S 467 (1991)). The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Nor do ordinary mistakes of counsel

constitute cognizable cause. *See Murray v. Carrier*, 477 U.S. 478, 487-88 (1986). In this case, Maysonet claims his cause for not raising this issue previously is that his counsel was ineffective. However, even if Maysonet could show cause, he fails to demonstrate any prejudice resulting from his failure.

"Actual prejudice" is prejudice that impacts constitutional or fundamental rights. *United States v. Frady*, 456 U.S. 152, 166 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. *Id.*

Maysonet claims his "cause" for failing to raise this issue previously is that his counsel was ineffective. However, as demonstrated below, Maysonet's claim of ineffective assistance of counsel is without merit. Even if Maysonet could show cause, he cannot show any resulting prejudice. First of all, the amendment to the sentencing guidelines that Maysonet relies on, Amendment 709, was not effective until November 1, 2007, well after Maysonet's sentencing hearing and direct appeal. Furthermore, Amendment 709, has no bearing on Maysonet's sentencing or the Court's calculation of his prior convictions.

Amendment 709 updated the commentary to USSG §4A1.2(a)(2) to read, in part:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).

Maysonet's sentence was enhanced as an armed career criminal as defined in USSG §4B1.4, based on three prior convictions for crimes of violence (i.e. carrying a concealed firearm, aggravated battery, and armed burglary of a conveyance). PSR at pp. 6-8. Although Maysonet was sentenced on October 14, 2002, for all three arrests, the

convictions are counted separately because they were separated by intervening arrests as shown below:

| Case No. | Date of Arrest |
|---|---|
| Hillsborough County, FL, Case No. 00-14427 | August 10, 2000 |
| Hillsborough County, FL, Case No. 02-CF-7657 | May 10, 2002 |
| Hillsborough County, FL, Case No. 02-CF-12125 | July 28, 2002 |

Thus, the District Court was correct in counting Maysonet's prior convictions separately and applying the armed career criminal enhancement to Maysonet's sentence. Therefore, Maysonet has failed to demonstrate cause or prejudice resulting from his failure to raise this issue previously. Maysonet's claim is procedurally barred and without merit.

Ineffective Assistance of Counsel

Maysonet claims he received ineffective assistance of counsel when counsel allowed Maysonet to be sentenced as an armed career criminal (Ground a); when she failed to challenge his sentence for a *Booker* error, claiming his sentence exceeded the ten-year maximum for violation of 18 U.S.C. § 922(g)(1) (Ground c); and when she failed to challenge the Court's jurisdiction alleging actual jurisdiction was with the state of Florida (Ground d).

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on

5

the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690.  Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v.*

*Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986). Finally, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

### Armed Career Criminal

Maysonet alleges his counsel was ineffective for allowing the Court to sentence him as an armed career criminal (Ground a). Maysonet claims his prior convictions did not justify such enhancement; however, Maysonet does not explain his reasoning for his allegation. On appeal his counsel challenged the use of his prior conviction for carrying a concealed firearm and lost that argument. Also, as discussed above, the District Court properly counted his prior convictions separately under USSG §4B1.4.

In his reply, Maysonet states "[t]he Eleventh Circuit has accepted and applied the law that under Florida law, sentences are consolidated when they are imposed on the same day, by the same judge, using the same score sheet, and made to run concurrent," (citing *United States v. Hernandez-Martinez*, 382 F.3d 1304, 1307 n.3 (11th Cir. 2004)). Doc. cv-7 at 2. Further in support of his claim, Maysonet attaches an order from the Thirteenth Judicial Circuit Court for Hillsborough County, Florida, granting his request for an expedited clarification of the state's conviction and sentencing order. Doc. cv-7, Exhibit A. However, as the Court also held in *Hernandez-Martinez*, if sentences are not separated by an intervening arrest, they are only considered related if "they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." 382 F.3d at 1305.

Clearly, as the state court concludes in its order, Maysonet's three convictions in Case Nos. 00-14427, 02-07657, and 02-12125 were not consolidated for sentencing:

Therefore, although the Court ordered that the sentences in case 00- 14427, 02-07657, and 02-12125 run concurrently with each other, the Court did not order that the judgments were "consolidated for conviction and sentencing purposes under the Youthful Offender Act." Doc. cv-7 at 18. Thus, this Court did not err in counting these three convictions separately when it imposed a sentencing enhancement for Armed Career Criminal, nor can Maysonet's counsel be held ineffective for failing to challenge such action.

This claim has no merit.

### *Booker* Error

Maysonet claims his counsel rendered ineffective assistance when she failed to challenge his sentence for a *Booker* error, claiming his sentence exceeded the ten-year maximum for violation of 18 U.S.C. § 922(g)(1). Maysonet does not explain his allegation further.

Maysonet was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), as charged in Count One of the Information. Docs. cr-8 and cr-27. The penalty for this offense is a minimum mandatory 15 years to life imprisonment, as the government explained in the notice it filed prior to sentencing. Doc. cr-10, 18 U.S.C. § 924(e). The Court sentenced Maysonet to 188 months' imprisonment, the low end of the guidelines range. Therefore, there is no *Booker* error to challenge, and Maysonet's claim is without merit.

### **Jurisdiction**

Maysonet contends his counsel was ineffective for failing to challenge the Court's jurisdiction. Maysonet alleges actual jurisdiction lay within state of Florida (Ground d). Maysonet asserts he committed no crime against the United States. Maysonet provides no

support whatsoever for his allegation.

Maysonet entered a guilty plea to the charge of being a felon in possession in violation of the United States Code, Sections 922(g)(1) and 924(e). As the Eleventh Circuit Court of Appeals recognizes:

> The Commerce Clause provides that 'Congress shall have the power . . . [t]o regulate Commerce with foreign Nations, and among the several [s]tates.' U.S. Const. art. 1 § 8. It is unlawful for a person 'who has been convicted in any court of, a crime punishable by imprisonment' for more than one year 'to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.' 18 U.S.C. § 922(g)(1). We have previously upheld the constitutionality of § 922(g)(1) in light of *Lopez, Jones, and Morrison. See Wright*, 392 F.3d at 1280. The Supreme Court's decision in *Raich*, which is the only intervening Commerce Clause case, does not alter our decision.[2] As a result, § 922(g)(1) remains a constitutional exercise of Congress's legislative power. . .

*United States v. Murphy*, 189 Fed. Appx. 878 (11th Cir. 2006) (unpublished). Therefore, this Court does have federal jurisdiction under 18 U.S.C. 922(g)(1).

Further, when Maysonet entered his guilty plea, he agreed that he understood the elements of the charge, including the federal nexus "that the firearm had traveled in interstate commerce." Doc. cr-29 at 13. This Court found that Maysonet was "fully competent and capable of entering an informed plea and that the plea is supported by a independent factual basis containing all the essential elements of the offense." Doc. cr-29 at 15. Therefore, as with the other allegations of receiving ineffective assistance of counsel, this claim is without merit. Maysonet's counsel did not render constitutionally ineffective

---

[2] *United States v. Lopez*, 514 U.S. 549 (1995); *Jones v. United States*, 529 U.S. 848 (2000); *United States v. Morrison*; 529 U.S. 598 (2000); *United States v. Wright*, 392 F.3d 1269 (11th Cir. 2004); *Gonzales v. Raich*, 545 U.S. 1 (2005).

assistance with respect to the claims Maysonet raised in his motion to vacate, and Maysonet did not suffer any prejudice.

Maysonet has failed to meet both *Strickland* prongs, and his claims of receiving ineffective assistance of counsel are denied.

Accordingly, the Court orders:

That Maysonet's motion to vacate (Doc. cv-1; cr-42) is denied, with prejudice. The Clerk is directed to enter judgment against Maysonet in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 3, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Terry Zitek
Pro se:  Eric Alejandro Maysonet